UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: PHENYLPROPANOLAMINE
(PPA) PRODUCTS LIABILITY
LITIGATION,

MDL NO. 1407

ORDER GRANTING BAYER CORPO-
RATION'S MOTION FOR SUPPLE-
MENTAL DEPOSITION OF PLAIN-
TIFF

This document relates to:

Pamela Stowe v. Bayer Corpora-
tion, No. 4-cv-2351.

Before the court is Bayer Corporation's motion for leave to take a supplemental deposition of Plaintiff Pamela Stowe. Having reviewed the motion, the opposition filed and the reply thereto, the court hereby finds and rules as follows:

Plaintiff alleges that she suffered a stroke as the result of taking a Phenylpropanolamine ("PPA")-containing product manufactured by Bayer. On September 28, 2004, she filed suit in the United States District Court for the District of Arizona. The case was subsequently transferred to this court as part of MDL 1407.

Plaintiff was deposed on January 15, 2003. Thereafter, on June 20, 2003, plaintiff served Bayer with a supplemental

ORDER
Page – 1 –

1   Plaintiff's Fact Sheet ("PFS") in which she disclosed for the

2   first time that she suffered emotional and/or cognitive injuries,

3   provided a narrative with respect to her use of the PPA-

4   containing product, and asserted a claim for "lost time" for the

5   years 2000-2004. Rather than immediately note a second deposition

6   of plaintiff on these issues, Bayer waited *over two years* before

7   attempting to schedule the deposition. Presumably Bayer was

8   finally prodded into action by the fact that plaintiff filed

9   three additional supplements to the PFS in April and July 2005.

10  At this point, Bayer finally contacted plaintiff's counsel about

11  deposing her a second time. Not surprisingly, plaintiff's counsel

12  refused Bayer's request.

13      It is incumbent on each party to this litigation to pursue

14  discovery in a timely manner. The court seriously questions

15  whether Bayer has fulfilled its obligation. Nevertheless, Bayer

16  is entitled to question plaintiff regarding the supplemental

17  information she provided after her deposition was originally

18  taken. Bayer may only examine plaintiff on the information

19  provided in the June 20, 2003, April 12 and 13, 2005, and July

20  11, 2005 supplemental PFSs. Bayer shall not ask redundant or

21  repetitive questions.

22      Based on the foregoing, the court hereby GRANTS Bayer's

23  motion for a supplemental deposition of plaintiff. The deposition

24  shall be scheduled and completed within thirty days from the date

25  of this order.

26

ORDER
Page – 2 –

1        DATED at Seattle, Washington this 31th day of August, 2005.

2

3                                  _Barbara J. Rothstein_
                                   BARBARA JACOBS ROTHSTEIN
4                                  UNITED STATES DISTRICT COURT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
Page – 3 –