UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, _____ This document relates to: Pamela Stowe v. Bayer Corporation, No. 4-cv-2351. | MDL NO. 1407 ORDER DENYING PLAINTIFF'S MOTION TO QUASH DEPOSITION NOTICES AND PETITION FOR SUGGESTION OF REMAND ORDER |

    Before the court is plaintiff's motion to quash the deposition notices of Ruth Matthews, R.N. and Trina Scupin, R.N. Having reviewed the motion, the opposition filed and the reply thereto, the court hereby finds and rules as follows:

    Plaintiff alleges she suffered a stroke as the result of ingesting a PPA-containing product manufactured by Bayer Corporation. She initially filed suit in state court, in Philadelphia County, Court of Common Pleas, Pennsylvania, in August 2001. Her case was ultimately transferred to this court as part of MDL 1407 on February 7, 2005. Plaintiff asserts that Bayer has intentionally delayed the case from going to trial by failing to pursue discovery in a timely manner. Plaintiff objects

ORDER
Page - 1 -

to Bayer's current request to deposed two nurses that treated plaintiff for her injuries and requests that the court quash the notices of their depositions.

The court finds that Bayer is entitled to depose Nurse Matthews and Nurse Scupin. The reason it has taken four years for this case to reach its current state of discovery is that plaintiff first filed suit in the wrong court (Pennsylvania). Then, after the action was dismissed on *forum non conveniens* grounds, conditioned on Bayer waiving service and the Arizona Statute of Limitations, plaintiff filed in a second wrong court (New Jersey). After that action was dismissed, plaintiff waited six months before filing her action in Arizona. Fact discovery could not begin until the case was transferred and docketed in MDL 1407, which did not occur until February 7, 2005. Further, plaintiff did not complete the Plaintiff's Fact Sheet ("PFS") until August 17, 2005, which she then supplemented on August 31, 2005 and again on September 6, 2005.

Per the Case Management Orders in MDL 1407, the case-specific fact discovery deadline expires one year from the date on which the PFS is substantially complete in all respects. However, Bayer has agreed to shorten the discovery period to six months, to February 14, 2006. The court finds this reasonable.

Based on the foregoing, the court DENIES plaintiff's motion to quash and sets the case-specific fact discovery deadline in this case to and including February 14, 2006. The court expects

ORDER
Page - 2 -

1  the plaintiff to cooperate in all respects with discovery. In
2  addition, because outstanding discovery remains in this matter,
3  the court DENIES plaintiff's petition for suggestion of remand.
4       DATED at Seattle, Washington this 23rd day of November,
5  2005.

                                            */s/ Barbara J. Rothstein*
                                      BARBARA JACOBS ROTHSTEIN
                                      UNITED STATES DISTRICT COURT JUDGE