UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: PHENYLPROPANOLAMINE (PPA)
PRODUCTS LIABILITY LITIGATION
_____

This document relates to:

*Stowe v. Bayer Corp.*, C04-2351

MDL NO. 1407
ORDER DENYING DEFENDANT'S MOTION TO COMPEL, TO EXTEND CASE-SPECIFIC DISCOVERY AND TO IMPOSE SANCTIONS

This matter comes before the court on a motion by defendant Bayer Corporation to compel, to extend the discovery deadline, and to impose sanctions. Having reviewed the briefs and exhibits filed in support of and in opposition to this motion, the court finds and rules as follows.

A. The "Condominium Claim"

Before the court is the latest in a series of discovery disputes. The first issue defendant raises is related to the so-called "condominium claim." The issue stems from a sentence included in plaintiff's December 29, 2005 supplemental fact sheet: "As a result of her injuries, Plaintiff has been forced to sell her condominium." Defendant submits that this new allegation entitles it

1

1  to further discovery on the economic loss (if any) relating to the
2  sale of plaintiff's condo. Bayer made several requests that
3  plaintiff clarify the nature and intent of her claim relating to the
4  condominium sale, and argues to the court that plaintiff's responses
5  have been equivocal and obfuscatory. Specifically, Bayer claims it
6  still does not understand whether plaintiff intends to claim a loss
7  on the sale of her property, or whether she merely intends to use
8  the sale in relation to her emotional distress claim.

9  Plaintiff's approach to the so-called condominium claim,
10 however, has been generally consistent; the sale of the condominium
11 is related not to any economic loss Bayer caused her to incur in the
12 sale, but is intended to buttress her claim of emotional distress.[1]

13 Any argument that plaintiff suffered economic loss from the
14 sale of the condominium would be precluded by plaintiff's assertion
15 that the claim "is not an economic loss issue; it is relevant to her
16 emotional distress and diminished enjoyment of life claims," Motion
17 at 3, citing exh. D, and that she is "making no claim of loss of
18 money in connection with her sale of her condominium." *Id.*, exh. F.

19 To the extent Bayer is seeking discovery on the condominium
20 sale as it relates to the emotional distress claim, Bayer has failed

---

[1] Bayer's reading of plaintiff's responses on this issue is flawed. Plaintiff asserts in response to interrogatories that she "has relevant knowledge of her loss of income, and of the emotional distress and loss of enjoyment this sale has caused." The court does not, as Bayer would have it, read this as the same as "plaintiff has relevant knowledge of her loss of income . . . this sale has caused." Instead, the insertion of the comma after "income" and the use of the conjunctive phrase "and of..." indicate that the "loss of income" does not refer to the condominium sale. The court agrees with plaintiff that these two clauses are to be read separately.

to outline what additional information, if any, it needs. Further discovery on this issue is therefore unnecessary. More detrimental still to Bayer's position is that, while plaintiff disclosed the claim relating to the sale of her condo "for the first time" on December 29, 2005, discovery in this case was extended by court order until May 12, 2006. Defendant therefore had nearly five months to obtain discovery on the putative claim, including by filing a motion to compel.[2] The court's rules are clear: motions to compel must be filed before the discovery deadline. *See* Local Rule 16(f) ("Any motion to compel discovery shall [] be filed and served on or before [the discovery] deadline."). Bayer's request to compel on this issue is therefore denied.

B. <u>Plaintiff's Requests for Admissions</u>

Bayer's second complaint is that plaintiff has propounded improper requests for admission, and has subsequently failed to cooperate with Bayer's attempt to resolve the resulting disagreements. In particular, plaintiff sought agreement from Bayer that certain medical records were "presumptively valid." Instead of submitting the records to Bayer for review, however, plaintiff included synopses of the documents. Claiming it could not determine

---

[2] While the issue was raised in a previous motion to compel filed in February 2006, Bayer itself acknowledges that "the issue was not fully before the Court" in that motion because Bayer was still "investigating the nature of this claim" when the motion was filed. Def. Rep. at 2. By March 2006 at the latest, however, Bayer acknowledges having all the information relevant to a motion to compel on the so-called condominium claim, and nearly three months of discovery remaining in which to seek any discovery it considered relevant to the sale. The instant motion, of course, was not filed until after the deadline lapsed.

3

first-hand the nature of the documents, Bayer refused to acknowledge their presumptive validity. In an attempt to resolve the issue, Bayer requested first informally and later by formal written discovery that plaintiff present the actual documents for review. Plaintiff did not respond to the requests except with a letter to defendant threatening sanctions. According to plaintiff, the requested documents had already been provided at an earlier stage of discovery, and she was under no obligation to resubmit them for defendant's convenience.

Bayer now asks the court to compel plaintiff to produce the documents. As the plaintiff herself points out, however, the burden fell to her to seek court intervention regarding the sufficiency of Bayer's responses; she chose not to do so. Moreover, plaintiff claims she had already provided the documents sought, a claim that defendant does not deny. Plaintiff's failure to respond to Bayer's discovery request therefore does not justify extending the discovery deadline and delaying this case further.

C. <u>Health Care Providers</u>

Finally, Bayer submits that in her requests for admission propounded on December 20, 2005, plaintiff disclosed two previously unidentified healthcare providers, Dr. Sam Sato and a Walgreens pharmacy located in Illinois. According to Bayer, plaintiff has been uncooperative in Bayer's subsequent attempts to ascertain any details relating to these providers, including the type of care provided and any records associated with them. In response, plaintiff submits that Dr. Sato is the records custodian for a prior

4

treating physician, and that the Illinois Walgreens is that company's corporate headquarters.

Bayer appears to be satisfied with plaintiff's response, seeking no further information regarding these entities in its reply. It does, however, raise an additional issue. Defendant claims that review of previously undisclosed Walgreens documents led to disclosure of yet another healthcare provider heretofore undisclosed: a Dr. J. Abbott. Defendant concurrently admits that as early as May 2003 it became aware of the identity of a healthcare provider "Jon T. Abbott" through its record retrieval service, which indicated erroneously (as apparently is common) that there were no records related to plaintiff. Defendant claims that it did not pursue the matter further because plaintiff had not indicated that she had been treated by a Dr. Abbott.

Plaintiff responds that the Walgreens documents were available to defendant as early as February 2002, and that defendant could have identified Dr. Abbott much sooner. She also claims she does not recall receiving treatment from Dr. Abbott.

While Bayer claims it has suffered prejudice from plaintiff's failure to disclose Dr. Abbott's name sooner, it is unclear what discovery, if any, Bayer is now seeking to compel.[3] The parties are apparently awaiting, or have already received, plaintiff's records from Dr. Abbott. If those records necessitate further discovery, the parties may at that time address any outstanding issues. In the

---

[3] By the court's count Bayer has already met its ten-deposition limit, and makes no case for an exception.

1 meantime, however, discovery – which has already been extended once
2 – is over. This case is ripe for remand.
3     Bayer's motion to compel and extend the discovery deadline is
4 DENIED. The motion for sanctions, *a fortiori*, is also DENIED.

6     DATED at Seattle, Washington, this 19th day of July, 2006.

*Barbara J. Rothstein*
BARBARA JACOBS ROTHSTEIN
United States District Court Judge